**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **ANITRA DESHEA JENKINS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **CIVIL ACTION V-06-51** |
| | § | **CRIMINAL ACTION V-03-50** |
| **v.** | § | **CIVIL ACTION V-06-52** |
| | § | **CRIMINAL ACTION V-03-75** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Anitra Deshea Jenkins's ("Jenkins's") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Dkt. No. 73.[1] The United States moved to expand the record and to dismiss. Dkt. No. 79. After considering the motions, record, and relevant law, the Court is of the opinion that the United States' motion to dismiss should be GRANTED and Jenkins's motion should be DENIED.

## Background

Jenkins pled guilty to bank robbery, possession of a firearm in furtherance of a crime of violence, and being a felon in possession of a firearm. Dkt. No. 59 at 29-34. She was sentenced to 262 months in prison, five years of supervised release, and a $200 special assessment. She was further ordered to pay $13,995 in restitution. Dkt. No. 48 at 2-5. Jenkins appealed to the Fifth Circuit, which affirmed the judgment. Dkt. No. 70.

---

[1] The citations in this order are to Criminal Action V-03-50. Per the Court's order of May 25, 2007, Jenkins's two identical motions under section 2255 have been consolidated, with Civil Action V-06-51 serving as the lead case. Dkt. No. 78.

### Claims

Jenkins raises five grounds for relief:

1(a). Her guilty plea was not voluntarily made nor did she understand the nature of the charge and the consequences of her plea;

1(b). Jenkins's attorney gave her the impression that her sentences would run concurrently, not consecutively, and Jenkins would not have pled guilty had she been adequately advised;

2. Investigators promised Jenkins that she would get a shorter sentence if she cooperated, and they denied her access to a lawyer;

3. Counsel failed to raise a "5k1" at sentencing and did not challenge the fact that Jenkins did not get a downward departure at her sentencing;

4. The government did not honor the plea agreement and recommend a reduced sentence in exchange for cooperation; and

5. The Court should not have sentenced Jenkins as a career offender.

### Standard

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct her sentence: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

2

As to ineffective assistance of counsel, the prisoner must show objectively deficient performance and resulting prejudice in order to obtain relief. *See Strickland v. Washington*, 466 U.S. 668 (1984).

## Analysis

As part of her first claim, Jenkins asserts that her plea was not voluntary.  Her testimony during the guilty plea proceeding is to the contrary.  Dkt. No. 59 at 7-19.  Jenkins also claims that her attorney did not properly inform her of the sentence she faced.  At Jenkins's plea colloquy, the Court informed her of the range of sentences that could be imposed if she pled guilty.  There was no indication from the Court that the sentences on the three charges would run concurrently.  Further, Jenkins's claim states only that her attorney "had [her] under the impression" that the sentences for all three charges would run concurrently.  Dkt. No. 73 at 4.  This claim of an "impression" is not strong enough to make out a claim of an involuntary plea nor ineffective assistance of counsel: Jenkins gives no indication of what her attorney or the Court told her that gave her this "impression," and thus there is no basis for believing that counsel acted unreasonably.

Jenkins's second claim is bereft of any factual support.  She states that investigators promised her a shorter sentence in return for cooperation and then denied her an attorney when she asked to see one that could confirm that these promises would be kept.  Jenkins does not state when or where these events occurred.  She does not clarify whether this was before or after she was arrested or  whether she had an attorney already.  She does not state any facts to indicate that she has a valid claim.  Further, Jenkins does not make clear what the harm of these alleged actions was.  She does not allege that she was coerced into a confession, or that the investigators lied about getting a lower sentence.

Even if Jenkins did request and was refused legal counsel after she was arrested, she was represented by an attorney when she entered into her plea agreement.  The Supreme Court has held:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also Hill v. Lockhart*, 474 U.S. 52, 58-59 (defendant must show that he probably would have proceeded to trial but for counsel's errors). Because the plea agreement itself was not the result of any constitutional violation and was entered into on the advice of competent counsel, any connection between Jenkins's post-arrest denial of counsel and her subsequent plea agreement "is too attenuated to amount to constitutional error." *Hanson v. Passer*, 13 F.3d 275, 281 (8th Cir. 1994).  The second claim, then, is devoid of merit.

Jenkins's third claim deals with her agreement to cooperate with the government.  She claims that because her attorney did not raise an objection to the government not recommending a downward departure, the attorney provided ineffective assistance.  However, it would have been futile for Jenkins's attorney to raise any objection because a recommendation of downward departure was entirely in the discretion of the government.  Dkt. No. 41 (Memo. of Plea Agreement) at ¶ 5-6.  The Fifth Circuit "has made clear that counsel is not required to make futile motions or objections."  *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).

Jenkins's fourth claim overlaps with her third: she asserts that the government failed to hold up its end of the bargain when it declined to recommend a downward departure.  As discussed above, the bargain, as reduced to writing in the Memorandum of Plea Agreement (Dkt. No. 41),

4

states that the "agreement does not obligate the Government Attorney to make a motion for downward departure if in the Government Attorney's evaluation the Defendant had not provided substantial assistance." Dkt. No. 41 at ¶ 5. Further, "[t]he Defendant agrees the decision whether to file such a motion rests within the sole discretion of the Government." *Id.* ¶ 6. The government's decision to decline to file a request for a downward departure thus does not give rise to a valid claim for relief.

Finally, Jenkins's fifth claim was addressed on direct appeal by the Fifth Circuit. *See United States v. Jenkins*, 144 Fed. Appx. 418 (5th Cir. 2005). Substantive claims raised and rejected on direct appeal are "barred from collateral review." *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997). Jenkins has provided the Court with no reason why this bar should be overcome. Her fifth claim, then, is barred.

### Certificate of Appealability

Under 28 U.S.C. § 2253, Jenkins must obtain a certificate of appealability before she can appeal this Order denying her motion. To obtain a certificate of appealability, Jenkins must make a substantial showing of the denial of a constitutional right. *Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998). To make such a showing, Jenkins must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Order, Jenkins has not made a substantial showing of the denial of a constitutional right. The issuance of a certificate of appealability in this action is denied.

### Conclusion

For the foregoing reasons, Jenkins's Motion Under 28 U.S.C. § 2555 To Vacate, Set Aside,

or Correct Sentence is DENIED.  A Certificate of Appealability shall not issue.

It is so ORDERED.

Signed this 19th day of November, 2008.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE